```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **FELLOWSHIP MISSIONARY BAPTIST CHURCH** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-2659** |
| **GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY and GUIDEONE TAYLOR BALL CONSTRUCTION SERVICES, L.L.C.** | **SECTION: "I" (3)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiff, Fellowship Missionary Baptist Church.[1]  For the following reasons, plaintiff's motion to remand is **DENIED**.

### BACKGROUND

Plaintiff, Fellowship Missionary Baptist Church ("FMBC"), owns property which was insured under a commercial insurance policy issued by defendant, GuideOne Specialty Mutual Insurance Company ("GuideOne").[2]  On or about August 29, 2005, FMBC's property sustained damage due to Hurricane Katrina.[3]  On October 30, 2006, FMBC contracted with defendant, GuideOne Taylor Ball Construction Services, L.L.C., ("Taylor Ball"),[4] to perform certain construction

---

[1] Rec. Doc. No. 7.  This motion was filed pursuant to 28 U.S.C. § 1446(b) for untimely removal.  Rec. Doc. No. 7-2, pp. 3-4.

[2] Rec. Doc. No. 1-3, p. 1, para. III.

[3] *Id.* para. IV.

[4] "Taylor Ball is a separate legal entity but is a subsidiary of GuideOne Insurance Companies.  Taylor Ball provides construction, general contractor and consultation services, primarily to churches insured by GuideOne." Rec.

duties on behalf of FMBC.[5]

On August 29, 2007, FMBC filed a petition for breach of contract in Civil District Court for the Parish of Orleans, State of Louisiana, seeking damages pursuant to its insurance policy with GuideOne and its construction contract with Taylor Ball.[6]  FMBC alleges that GuideOne failed to properly compensate FMBC for the damage sustained by its property during Hurricane Katrina, and that Taylor Ball failed to perform any construction pursuant to the October 30, 2006, contract.[7]

On April 30, 2008, GuideOne removed this lawsuit to federal court, citing diversity jurisdiction pursuant to 28 U.S.C. § 1332.[8] GuideOne alleges that all parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.[9]  On May 29, 2008, FMBC filed this motion arguing that the above-captioned matter should be remanded because GuideOne's notice of removal was untimely.[10]

---

Doc. No. 20-2, p. 1.

[5] Rec. Doc. No. 1-3, p. 1, para. V.

[6] Rec. Doc. No. 1-3.

[7] *Id.* at p. 1, paras. VI-IX.

[8] Rec. Doc. No. 1.  28 U.S.C. 1332(a)(1) provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

[9] Rec. Doc. No. 1, pp. 1-2.

[10] Rec. Doc. No. 7.  The Court notes that FMBC does not dispute that the Court has diversity jurisdiction in the above-captioned matter.  Rec. Doc. No. 7-2, pp. 2-3.

**LAW AND ANALYSIS**

**I.   STANDARD OF LAW**

    **A.   MOTION TO REMAND**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."); *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 210 (5th Cir. 2002) ("The removing defendant is always required to 'prove by a preponderance of the evidence that the amount in controversy exceeds $75,000'").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

**II.  DISCUSSION**

**A.   TIMELINESS OF REMOVAL**

Title 28, United States Code, Section 1446(b) dictates the time period within which a defendant in a state court action must file a notice of removal.  Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

"In essence, when read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case."  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).  "The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant."  *Id*.  "[T]he second paragraph provides, if the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable."  *Id*.

**1. INITIAL PLEADING**

FMBC contends that GuideOne's removal was untimely because GuideOne filed its notice of removal more than thirty days after it received FMBC's initial pleading.[11]

In *Chapman*, the U.S. Fifth Circuit held that the thirty day time period set forth in the first paragraph of Section 1446(b) "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id*. at 163. The Fifth Circuit adopted such a rule because "it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id*; *see also Bosky*, 288 F.3d at 210 (explaining that the Fifth Circuit insists that "the defendant's subjective knowledge cannot convert a case into a removable action"). The Court explained that "the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages

---

[11]Rec. Doc. No. 7-2, pp. 2-3.

are in excess of the federal jurisdictional amount."[12] *Id*.

Having thoroughly reviewed FMBC's initial pleading, the Court finds that said pleading does not affirmatively reveal that the amount in controversy in this case exceeds the federal jurisdictional amount of $75,000, exclusive of interest and costs. In fact, in its memorandum in support of this motion, FMBC admits that its initial pleading does not allege that the amount in controversy in this case exceeds $75,000, exclusive of interest and cost.[13] As such, FMBC's initial pleading did not commence the thirty day time period for removal set forth in the first paragraph of Section 1446(b).

### 2. "OTHER PAPER"

Alternatively, FMBC argues that GuideOne's tender of payment to FMBC pursuant to its commercial insurance policy[14] constitutes an "other paper," as contemplated by the second paragraph of Section 1446(b), which placed GuideOne on notice that the above-

---

[12]The Court notes that since *Chapman*, the Fifth Circuit has held that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal." *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 210 (5th Cir. 2002) (citing *Marcel v. Pool Co.*, 5 F.3d 81, 82-85 (5th Cir. 1993); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-12 (5th Cir. 1995)).
FMBC has not provided damage estimates which, when combined with the allegations set forth in FMBC's initial pleading, placed GuideOne on notice that the above-captioned matter was removable. Accordingly, the Fifth Circuit's holding in *Bosky* is not applicable.

[13]*Id.* at p. 3.

[14]On December 6, 2007 GuideOne issued a $609,387.63 check to FMBC for losses covered by FMBC's commercial insurance policy with GuideOne. Rec. Doc. No. 9-2, exh. D.

6

captioned matter was removable.  In light of the fact that GuideOne did not remove the above-captioned matter within thirty days after delivering its tender of payment to FMBC, FMBC argues that GuideOne's removal was untimely.[15]

GuideOne counters FMBC by arguing that Section 1446(b) contemplates that an "other paper" must be *delivered* to the defendant, not generated by the defendant.[16]  GuideOne argues that, in order for an "other paper" to convert a non-removable action to a removable one, the "other paper" cannot come from the defendant but, instead, it must be the product of a voluntary act by plaintiff.[17]  In light of the fact that GuideOne, not FMBC, generated and delivered the tender of payment at issue, GuideOne argues that said tender does not constitute an "other paper" as contemplated by Section 1446(b) and, as such, it could not commence the thirty day time period for removal.[18]

GuideOne also asserts that the first "other paper" it *received*

---

[15] Rec. Doc. No. 7-2, pp. 3-4.  FMBC also asserts that GuideOne made settlement offers to FMBC in excess of $75,000.  *Id.* at p. 4.  Although courts have held that a settlement offer may be considered an "other paper," the settlement offers in those cases were in writing, created by the plaintiff, and received by the defendant in accordance with the language of 28 U.S.C. 1446(b).  *See Lee v. Advanced Fresh Concepts Corp.*, 76 F. App'x 523, 524-25 (5th Cir. 2003); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).  FMBC has not presented sufficient evidence to establish that the alleged settlement offers in this case are comparable to those discussed in the aforementioned cases.

[16] Rec. Doc. No. 9-2, pp. 4-5.

[17] *Id.* at p. 5 (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).

[18] *Id.*

7

that clearly established federal jurisdiction is FMBC's response to GuideOne's request for admission, wherein FMBC admits that it is seeking damages in excess of the federal jurisdictional amount.[19] GuideOne argues that, in light of the fact that it filed its notice of removal within a few days of receiving FMBC's admission,[20] GuideOne timely removed the above-captioned matter to federal court.[21]

"The Fifth Circuit has indicated that the 'other paper' conversion requires *a voluntary act by the plaintiff*." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). Because an "other paper" requires a voluntary act of the plaintiff, an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961). Defendant's subjective knowledge cannot convert a non-removable action into a removable action. *See, e.g., S.W.S. Erectors*, 72 F.3d at 494 (citing *Chapman*, 969 F.2d at 163).

In light of the fact that GuideOne created the tender at issue and delivered it to FMBC, the tender is not the product of a

---

[19]*Id*. at pp. 5-6.  FMBC's admission reads, "Plaintiffs admit the amount of damages sought in the aforementioned lawsuit exceed $75,000.00." *Id*., exh. C.

[20]GuideOne claims that it received FMBC's admission on April 24, 2008. Rec. Doc. No. 9-2, p. 2.  GuideOne removed the above-captioned matter on April 30, 2008.  Rec. Doc. No. 1.

[21]Rec. Doc. No. 9-2, p. 6.

voluntary act by FMBC. As such, the tender is not an "other paper" as contemplated by the second paragraph of Section 1446(b), and GuideOne was not required to remove the above-captioned matter within thirty days after delivering the tender to FMBC.

FMBC's admission concerning the amount in controversy is the first document that was generated by FMBC and delivered to GuideOne from which GuideOne could ascertain that the above-captioned matter was removable. Considering the fact that said admission was delivered to GuideOne on April 24, 2008, and that GuideOne removed the above-captioned matter on April 30, 2008, GuideOne's removal to this Court was timely.

Accordingly,

**IT IS ORDERED** that FMBC's motion to remand **DENIED**.

New Orleans, Louisiana, July 25th, 2008.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**