```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**FELLOWSHIP MISSIONARY BAPTIST CHURCH**                    **CIVIL ACTION**

**VERSUS**                                                  **No. 08-2659**

**GUIDE ONE INSURANCE COMPANY, et al.**                     **SECTION: I/3**

### ORDER AND REASONS

Before the Court is an unopposed motion to direct arbitration and to stay proceedings filed by defendant, Guide One Taylor Ball Construction Services, LLC ("Taylor Ball"),[1] and joined by Guide One Insurance Company ("Guide One").[2] For the following reasons, defendants' motion is **GRANTED.**

### BACKGROUND

Plaintiff, Fellowship Missionary Baptist Church ("FMBC"), filed this lawsuit against defendants on August 29, 2007 in Orleans Parish Civil District Court, alleging breach of contract.[3] Plaintiff's petition alleges Taylor Ball is a subsidiary of Guide One, which issued an insurance policy to FMBC.[4] Following a loss suffered as a result of Hurricane Katrina, FMBC executed a

---

[1] Rec. Doc. No. 15.

[2] Rec. Doc. No. 20.

[3] Rec. Doc. No. 1-2 (petition).

[4] *Id.* at paras. II, III.

1

construction contract on October 30, 2005 with Taylor Ball.[5] FMBC alleges Taylor Ball has failed to perform any construction work and FMBC has not received compensation from Guide One for its "suffered losses."[6] Defendants removed the matter to this Court on April 30, 2008, citing diversity jurisdiction pursuant to 28 U.S.C. § 1332.[7]

Taylor Ball filed this motion to direct arbitration and stay proceedings, arguing that its construction contract mandates arbitration for "any Claim arising out of or related to the Contract."[8] Guide One joined in the motion, asserting a right to arbitration although it was not a party to the construction contract that contains the arbitration clause in question.[9]

## LAW AND ANALYSIS

### I. STANDARD OF LAW

#### A. ENFORCEMENT OF ARBITRATION CLAUSES

The Federal Arbitration Act provides that the United States District Courts shall enforce arbitration agreements by issuing an order directing the parties to engage in arbitration and staying litigation in any case raising a dispute referable to arbitration.

---

[5] *Id.* at paras. IV, V.

[6] *Id.* at paras. VI, VII.

[7] Plaintiff is a Louisiana corporation with its principal place of business in Louisiana, and both defendants are Iowa corporations with their principal place of business in West Des Moines, Iowa. Rec. Doc. No. 1, paras. 4,5,6.

[8] Rec. Doc. No. 15-1, p. 2; Rec. Doc. No. 15-3, §4.6.1.

[9] Rec. Doc. No. 20.

9 U.S.C. §§ 3, 4 (1999); *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 388 n. 1 (2006)(quoting *Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1, 22, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). Because arbitration is a matter of contract between parties, a court cannot direct or compel arbitration without finding that the parties agreed to arbitrate the dispute in question. *Safer v. Nelson Fin. Group, Inc.*, 422 F.3d 289, 293 (5th Cir. 2005). The court's inquiry must focus on "'(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.'" *Id. (*quoting *Personal Sec. & Safety Sys., Inc. V. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002). If the court determines there is an agreement to arbitrate the dispute, it must determine "'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'" *Id*. at 294 (quoting *Webb v. Investacorp*, 89 F.3d 252, 258 (5th Cir. 1996).

The United States Court of Appeals for the Fifth Circuit has a strong policy in favor of arbitration, to the extent that it has held that doubts as to the scope of an arbitration should be resolved in favor of arbitration. *Id.* The Fifth Circuit has explained that "arbitration should not be denied 'unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th

3

Cir. 1990)(quoting *Wick v. Atl. Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979).

Broad arbitration clauses covering disputes which "relate to" the contract–unlike clauses limited to claims "arising under the contract"–are generally interpreted expansively to reach "all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute." *Pennzoil Exploration v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). When the clause is broad enough to include claims that "relate to" or "are connected with" the contract, the dispute in question need only "touch" matters covered by the contract. *Id.* at 1068.

### B. APPLICATION TO NON-SIGNATORIES

Although arbitration clauses generally only bind the parties to the contract or signatories, the Fifth Circuit has held that a non-signatory may compel arbitration under a theory of equitable estoppel. *Brown*, 462 F.3d at 398 (citing *Grigson v. Creative Artists Agency*, 210 F.3d 524, 528 (5th Cir. 2000)("[A] party to an arbitration agreement may be equitably estopped from litigating its claims against non-parties in court and may be ordered to arbitration.").

A non-signatory to an arbitration agreement may compel arbitration when:(1) "the signatory to a written agreement containing an arbitration clause must rely on the terms of the

written agreement in asserting its claims against a nonsignatory;" or (2) "when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by the nonsignatory and one or more signatories to the contract." *Grigson,* 210 F.3d at 527 (quoting *MS Dealer Serv. Corp. V. Franklin,* 177 F.3d 942, 947 (11th Cir. 1999); *Brown,* 462 F.3d at 398.

## II. **DISCUSSION**

Taylor Ball alleges that after entering into a contract with FMBC to repair damages to the church's property due to Hurricane Katrina, a dispute arose with respect to differentiating those repairs caused by Katrina, encompassed by the contract and financed by Guide One, and those repairs unrelated to Katrina which were not covered by the contract.[10] Based on a broad arbitration clause in its contract with FMBC, Taylor Ball contends the dispute must proceed through arbitration and that the Court should stay further proceedings.[11]

The contract between Taylor Ball and FMBC, which was signed by the church's reverend, expressly requires arbitration for "[a]ny

---

[10] Rec. Doc. No. 15-1, pp. 1- 2.

[11] Rec. Doc. No. 15-1, p. 2.

Claim arising out of or related to the Contract."[12] Considering the broad language of the arbitration clause and FMBC's failure to submit a memorandum in opposition to this motion, the Court finds that the dispute falls within the scope of the construction agreement and it is, therefore, subject to arbitration.

Guide One also seeks referral to arbitration, arguing that it is a proper party to arbitration between Taylor Ball and FMBC due to its obligation to pay for repairs made by Taylor Ball.[13]

At the time FMBC executed the construction contract with Taylor Ball, it also executed a direct-pay agreement, authorizing Guide One to pay Taylor Ball directly for repairs covered under the Guide One insurance policy.[14] Taylor Ball's construction contract expressly incorporates this direct-pay authorization.[15] The arbitration clause in the contract executed by plaintiff and Taylor Ball limits arbitration to the owner, contractor, and "other persons substantially involved in a common question of fact or law whose presence is required if complete relief is to be accorded in arbitration."[16]

---

[12] Rec. Doc. No. 15-4 §4.6.  Although the signed construction contract does not contain the arbitration clause, it expressly incorporates a document that calls for arbitration. Rec. Doc. No. 15-3, p. 1.

[13] Rec. Doc. 20-1, p. 5.

[14] *Id.* at p. 3.

[15] *Id.*

[16] Rec. Doc. No. 20-5, §4.6.4.

Given that Taylor Ball, a subsidiary of Guide One, intends to argue that its construction contract only includes repairs for damages caused by Hurricane Katrina and that FMBC authorized Guide One to pay Taylor Ball directly for these repairs, the Court finds that Guide One is "substantially involved in a common question of fact or law." Questions common to the claims against both Guide One and Taylor Ball will likely include whether the needed repairs resulted from Katrina and the amount of such repairs. Without Guide One, who is directed to finance the repairs, arbitration may not provide complete relief. The Court, therefore, finds Guide One falls within the contractual definition of proper parties to the arbitration.

The Court also finds that pursuant to the Fifth Circuit's decision in *Grigson,* Guide One is not precluded from compelling arbitration based on its status as a non-party to the contract. *See Grigson*, 210 F.3d at 527. Although not entirely clear from the petition, FMBC appears to allege that Taylor Ball has failed to make repairs caused by Katrina and that Guide One has not paid for these repairs.[17] As such, the Court finds FMBC "raises allegations of substantially interdependent and concerted misconduct" by both Taylor Ball, a signatory to the construction contract, and Guide One. *See id*. All claims against Guide One are, therefore, referred

---

[17] Rec. Doc. No. 1-2, paras. IV-VII (petition). The Court also notes that plaintiff's petition alleges that Taylor Ball is a subsidiary of Guide One.

to arbitration, and further proceedings are stayed pursuant to 9 U.S.C. § 3.[18]

Accordingly,

**IT IS ORDERED** that defendants' motion to compel arbitration and stay proceedings is **GRANTED** with respect to all of plaintiff's claims against both Taylor Ball and Guide One.

New Orleans, Louisiana, October 10th, 2008

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[18] In a status conference conducted in the Court's chambers on October 8, 2008, plaintiff's counsel indicated that the lawsuit included a claim for contents in addition to the claim for building repairs. Plaintiff's counsel agreed, in light of this forthcoming order compelling arbitration of the building repair claims, to submit the related contents claim to arbitration.